D. C. LYONS v. JAS. P. Reed ET AL.

(No. 2732.)

WRONGFUL LEVY BY SHERIFF — DAMAGES.— Where a sheriff, who is being sued for damages for an illegal seizure of property, pleads that the seizure was made under an execution against a third party, *held*, that his plea was properly stricken out on motion of plaintiff; that he could not justify the seizure of plaintiff's property under an execution against a third party, but would still be responsible for the damages he had done.

EVIDENCE.— Oral testimony not admissible to prove that A. H. Reed owned the AR brand. Book of marks and brands better proof.

APPEAL from Karnes county. Opinion by QUINAN, J.

OPINION.— This suit was brought by the appellees against the appellant and one Burke, the sheriff of Goliad county, and others to enjoin the sale of twenty-nine head of horses, levied on by said sheriff by virtue of an execution upon a judgment against one A. H. Reed, who, at the date of the levy, was dead, and for damages, the property being alleged to be the property of the appellees. The case was submitted to a jury, who found a verdict for the appellees and for $150 damages.

Burke, the sheriff, pleaded that he seized the horses under the execution against Reed; that the horses were in the brand owned in his life-time by Reed; that the execution was regular on its face, and that he acted only in the regular discharge of his duties.

This plea was on motion stricken out, and rightly so. The sheriff could not justify the seizure of the property of plaintiff under an execution against a third party. He would still be responsible for the damages he had done.

Bills of exception have been reserved to the ruling of the judge in admitting testimony.

Jas. P. Reed, the plaintiff, was asked by his counsel: "How much were you damaged by the seizure of your horses?" To which defendants objected on the ground, not that it was incompetent or mere matter of opinion, but that it was too general. It would have been, perhaps, more regular to have inquired whether he was damaged, how he was damaged, and in what the damages consisted; but the mere asking the question cannot be objected as error unless it was shown that injury resulted from it; that improper testimony was thereby elicited which had a prejudicial effect upon the jury.

The witness stated facts from which his damage resulted. He shows that the horses were seized and driven some six or seven miles from their range on Cavasos creek to the town of Goliad, and kept their for eight or nine days, and ridden by herders; that they were in good condition when taken away and very poor when returned. From these facts the jury for themselves might determine the injury and the amount which they should give as compensation. It is true the witness also stated that he considered himself damaged by the levy and detention of his horses $300, but this testimony was not objected to nor any motion made to strike it out. The objection made was to the generality of the question, and injury from that cause might easily have been obviated by an examination upon the special facts or losses which went to make up that estimate, if he so desired.

It is often said that the opinions of witnesses are not admissible, and doubtless this is the general rule, but there are exceptions to it. Witnesses must often be permitted to testify as to values, which strictly is but matter, often-

times, of opinion. The difference in the value of the horses seized, when fat and when poor, the cost incurred in consequence of their being driven out of their range, the value of their use,— these were subjects to which the witness might testify, and the sum of these values was his damage. If it were error to receive his estimate in gross of the amount, it is not perceived, however, that injury resulted from it. The verdict of the jury seems not to have been influenced by it. The amount is only for half his estimate. Whart. Ev., 509, 1011; Sedgwick on Measure of Damages, pp. 635, 637.

Another objection made on the trial was as to the admission of a bill of sale to Mrs. Reed to prove her interest in the property. The point of this objection is not made apparent by the bill of exceptions or the brief, but whether rightly or wrongfully admitted is immaterial, for there was abundant testimony otherwise to establish her ownership.

Another objection was to the refusal of the court to permit a witness to answer whether A. H. Reed did not own the AR brand, which, we think, was properly refused. The book of marks and brands would have been better proof, but such proof was altogether irrelevant. That A. H. Reed, in his life-time, owned that brand, in no way tended to justify the sheriff or Lyons in levying upon the property of plaintiff.

The charge of the court, taken as a whole, was not unfavorable to the defendants. The jury were limited in their findings to such damages as the testimony proved the plaintiff had sustained. There could be no question of exemplary damages under his charge.

On the whole there was no error in refusing a new trial. The judge was satisfied with the verdict of the jury. We cannot say that there was no testimony to sustain it.

This disposes of all the alleged errors which the appellant has specified.

AFFIRMED.